**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS MENJIVAR-AYALA; A.M.R.; MARIA RAMIREZ-CHICAS, | No. 24-4562 |
| | Agency Nos. A220-490-489 A220-490-491 A220-490-490 |
| *Petitioners*, | |
| v. | |
| | OPINION |
| TODD BLANCHE, Acting Attorney General, | |
| *Respondent*. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 21, 2025[*]
Seattle, Washington

Filed July 9, 2026

Before: William A. Fletcher, Richard A. Paez, and Roopali
H. Desai, Circuit Judges.

Opinion by Judge Paez

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY**

## Immigration

Granting a petition for review that Carlos Menjivar-Ayala, Maria Ramirez-Chicas, and their son filed from a decision of the Board of Immigration Appeals, the panel held that the BIA abused its discretion by denying their motion to reopen proceedings and to reissue the BIA's prior decision based on a claim of ineffective assistance of counsel ("IAC").

Petitioners' IAC claim was based on prior counsel's failure to advise them of the BIA's prior decision and the deadline to file a petition for review. Petitioners sought reopening and reissuance of that decision so that they could file a timely petition for review of that decision in this court.

Although Petitioners' current counsel failed to raise the legal errors the panel addressed, the panel exercised its discretion to review the issues because the government raised them and did not argue forfeiture.

The panel held that counsel's failure to notify Petitioners of the BIA's decision and corresponding deadline in this court was grounds to seek reopening before the BIA. As the court previously held in *Li v. Bondi*, 139 F.4th 1113 (9th Cir. 2025), the BIA incorrectly concluded that it lacked the authority to consider IAC claims involving conduct before a different tribunal.

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel also held that service of a courtesy copy of the BIA's decision on Petitioners was not sufficient to rebut the presumption that their counsel's deficient performance caused them prejudice. It was unreasonable to expect that Petitioners would have understood the BIA's decision and deciphered the filing deadline without the guidance of their retained counsel.

## COUNSEL

Zachary D. Aho, Law Office of Zachary D. Aho, Seattle, Washington, for Petitioners.

Nicole J. Thomas-Dorris, Trial Attorney; Kiley L. Kane, Senior Litigation Counsel; John S. Hogan, Assistant Director; Office of Immigration Litigation; Brett A. Shumate, Acting Assistant Attorney General; Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

# OPINION

PAEZ, Circuit Judge:

   Carlos Menjivar-Ayala, Maria Ramirez-Chicas, and their son ("Petitioners"), natives and citizens of Honduras, petition for review of the Board of Immigration Appeals' ("BIA") decision denying their motion to reopen proceedings for the purpose of reissuing a prior BIA decision. The prior BIA decision, filed on December 19, 2023, affirmed the Immigration Judge's ("IJ") denial of Petitioners' application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Petitioners' motion to reopen asserted that their prior counsel was ineffective because she failed to advise them of the BIA's decision and the deadline to file a petition for review. Petitioners seek reopening and reissuance of the prior BIA decision on the merits so that they may file a timely petition for review of that decision in this court. Because the BIA abused its discretion in denying the motion to reopen, we grant the petition for review and remand to the BIA for further proceedings consistent with this opinion.

## I. Background

   Petitioners entered the United States in 2021. During removal proceedings before an IJ in 2021 and 2022, Petitioners sought asylum, withholding of removal, and protection under CAT based on violent threats against their family. The IJ denied Petitioners' application. On December 19, 2023, the BIA affirmed the IJ's decision denying all forms of relief. The BIA notified Petitioners' then-attorney, Jennifer Lesmez ("Lesmez"), of the decision via email and mailed Petitioners a courtesy copy. Lesmez, however, did not immediately read the email, and it was not

until March 5, 2024, that she informed Petitioners of the BIA's decision and the thirty-day deadline to file a petition for review, well after the deadline to appeal had passed. Consequently, Petitioners missed the deadline to file a timely petition for review in this court. Lesmez acknowledged responsibility for her error and withdrew as counsel of record.

Petitioners, represented by new counsel, filed a motion to reopen for the purpose of reissuing the December 2023 BIA decision. Petitioners asserted that Lesmez's ineffective assistance of counsel ("IAC") deprived them of their right to petition for review. The BIA denied the motion.

The BIA did not examine the merits of the IAC claim and instead denied the motion on two separate grounds. First, the BIA declined to consider Petitioners' IAC claim because counsel's "ineffective assistance occurred after the conclusion of proceedings before the Board." The BIA concluded that although Petitioners "may present their [IAC] claim to the [Ninth Circuit] . . . it is not for [the BIA] to circumvent a congressionally imposed deadline limiting the authority of a different tribunal." Second, the BIA concluded that notwithstanding counsel's deficient performance, Petitioners had sufficient notice of the decision because the BIA had mailed a courtesy copy to their address informing them of the thirty-day deadline to file a petition for review. Petitioners timely petitioned for review of the BIA's denial of their motion to reopen. We have jurisdiction under 8 U.S.C. § 1252.

## II. Standard of Review

We review the BIA's denial of a motion to reopen for abuse of discretion. *Reyes-Corado v. Garland*, 76 F.4th 1256, 1259 (9th Cir. 2023). "Within that rubric, the court

reviews the BIA's determination of purely legal questions de novo and its factual findings for substantial evidence." *Id.* at 1260. The BIA abuses its discretion when its decision is arbitrary, irrational, or contrary to law. *Id.* at 1259.

To establish IAC, a petitioner must show (1) "counsel's performance was deficient," and (2) the petitioner "suffered prejudice." *Singh v. Holder*, 658 F.3d 879, 885 (9th Cir. 2011). "When a lawyer's error results in a [noncitizen] being denied his right to appeal altogether, we apply a presumption of prejudice." *Salazar-Gonzalez v. Lynch*, 798 F.3d 917, 921 (9th Cir. 2015) (internal quotations omitted). Although motions to reopen are broadly disfavored, they serve as a critical "safety valve" in the asylum process to "ensure[] that the BIA . . . considers new information bearing on applicants' need for and right to relief." *Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016) (citation modified).

### III. Discussion

#### A. Discretion to Review

As we discuss below, the BIA erred on both grounds on which it relied to deny Petitioners' motion to reopen. First, the BIA incorrectly concluded that it did not have the authority to consider IAC claims involving conduct before a different tribunal. Second, it erred by dismissing the IAC claim on the ground that Petitioners had "sufficient notice" of the BIA's decision and the deadline for filing a petition for review. Petitioners' current counsel failed to raise either of these two legal errors in the Opening Brief, but we retain discretion to review issues not raised by an appellant when they are raised by the appellee. *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992).

Here, the government dedicated its entire Answering Brief to discussing the sufficiency of the notice provided by the courtesy copy that Petitioners received. The government filed a Federal Rule of Appellate Procedure 28(j) letter addressing whether the BIA abused its discretion by denying the motion because the alleged IAC occurred before a different tribunal. Because the government addressed both issues, it suffers no prejudice from Petitioners' failure to properly raise them. Nor did the government argue that Petitioners forfeited these issues, and "it is well-established" that a party can forfeit forfeiture "by failing to assert it." *See Norwood v. Vance*, 591 F.3d 1062, 1068 (9th Cir. 2010) (citation modified) (holding that the plaintiff "waived the defendants' waiver by addressing the claim on the merits without also making a waiver argument"); *see also United States v. Garcia-Lopez*, 309 F.3d 1121, 1123 (9th Cir. 2002) ("The government can waive waiver implicitly by failing to assert it." (citation modified)). Accordingly, we exercise our discretion to review both issues. *Mamouzian v. Ashcroft*, 390 F.3d 1129, 1136 n.4 (9th Cir. 2004).

## B.  The BIA's Authority to Review the IAC Claim

The BIA first erred by concluding that it could not reissue its prior decision because counsel's ineffective assistance "occurred after the conclusion of proceedings before the Board." We previously held in *Li v. Bondi*, 139 F.4th 1113, 1121–22 (9th Cir. 2025), that the BIA abused its discretion when it rejected a similar IAC claim on the grounds that "the deficient performance 'affected [petitioner's] case before the Ninth Circuit, a different tribunal in a different branch of the Government.'" We do so again and hold that counsel's failure to notify Petitioners of a BIA decision and a corresponding filing deadline in this court is grounds to seek reopening before the BIA.

As we explained in *Li*, this court's "[p]recedent firmly establishes that the [BIA] has the discretion to consider [IAC] claims involving conduct before a different tribunal." *Id.* at 1122; *see Singh v. Napolitano*, 649 F.3d 899, 902 (9th Cir. 2011) ("[W]e have twice stated, in unequivocal language, that the [BIA] does have jurisdiction to hear [deficient performance claims concerning post-final order attorney conduct].") (per curiam) (citing *Lata v. INS*, 204 F.3d 1241, 1245–46 (9th Cir. 2000) and *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1044 n.4 (9th Cir. 2000)); *see also Matter of Compean*, 25 I. & N. Dec. 1, 3 (A.G. 2009) (confirming that the BIA has the "power to consider claims of ineffective assistance of counsel based on conduct of counsel that occurred after a final order of removal had been entered"). The BIA is not required to exercise its discretion to review Petitioners' IAC claim, but it "must provide a *reasoned* explanation for declining to do so." *Li*, 139 F.4th at 1121–22. This is "especially true where, as here, a counsel's alleged deficiencies deprive an immigrant petitioner of any meaningful appellate review of his or her claims." *Id.* at 1123 (citing *Dearinger*, 232 F.3d at 1045).

Just as in *Li*, the BIA abused its discretion when it denied Petitioners' motion to reopen on the basis that the claimed ineffective assistance occurred before a "different tribunal" without offering any reasoned explanation. *Id.* at 1116, 1124; *see also Singh v. Holder*, 771 F.3d 647, 653 (9th Cir. 2014) (holding that the BIA's erroneous determination that it lacked the authority to grant petitioner's motion to reopen was an abuse of discretion). The BIA's bare statement that "under the circumstances it is not for us to circumvent a congressionally imposed deadline limiting the authority of a different tribunal" is not a legitimate rationale for declining to review Petitioners' IAC claim. We have firmly held that

ineffective assistance of counsel is grounds for reopening. *Iturribarria v. INS*, 321 F.3d 889, 896–97 (9th Cir. 2003). And counsel's failure to notify Petitioners of the deadline to file a petition for review in this court, although a different tribunal, is properly part of the IAC inquiry.

## C. Notice to Petitioners

There is no dispute that Petitioners' counsel acted deficiently in failing to timely alert Petitioners of the BIA's December 19, 2023, decision and the subsequent thirty-day filing deadline. *See id.* at 900 (affirming that counsel's failure to file necessary papers in immigration proceedings may constitute deficient performance). Although Petitioners sought reopening on the basis of counsel's ineffective assistance, the BIA nonetheless rejected Petitioners' IAC claim, concluding that the courtesy copy mailed to Petitioners provided sufficient notice of the filing deadline and the IAC claim "[did] not alter this conclusion." In doing so, the BIA necessarily implied that Petitioners could not have been prejudiced by counsel's failing so long as they received a courtesy copy of the BIA's decision. Contrary to the BIA's determination, we hold that service of a courtesy copy of the BIA's decision on Petitioners is not sufficient to rebut the presumption that their counsel's deficient performance caused them prejudice.

Petitioners relied on their attorney, Lesmez, to inform them of the BIA's decision, the significance of an adverse decision, any appeal deadline, and the consequences of failing to file a timely petition for review. Their reliance was reasonable. Petitioners retained counsel for the express purpose of representing them in their immigration proceedings and were thus entitled to rely on counsel for that assistance. *Id.* at 901. We have long recognized that where

noncitizens are represented, they "understandably rel[y]" on their counsel to guide them through immigration proceedings. *Id.* at 899; *see also Monjaraz-Munoz v. INS*, 327 F.3d 892, 896 (9th Cir. 2003) ("If a[] [noncitizen] exercises his or her statutory right to retain counsel in a deportation proceeding, it is reasonable that a[] [noncitizen] would give effective control of his or her case to retained counsel."); *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1225 (9th Cir. 2002) ("Petitioners were unfamiliar with the [agency's] administrative process and relied on [counsel] to protect their interests.").

It rationally follows that noncitizens "cannot be precluded from demonstrating [IAC] because [they] reasonably relied upon and assumed [their] counsel's competence." *Iturribarria*, 321 F.3d at 901. This is well illustrated by our decision in *Iturribarria*, where a noncitizen received oral notice of a filing deadline for an application for relief from removal directly from the IJ at a master calendar hearing. *Id.* at 900. The noncitizen's attorney later missed the filing deadline. *Id.* We explained that the noncitizen should not be faulted for his attorney's deficient conduct given that one of the primary reasons noncitizens "retain legal assistance in the first place is because they assume that an attorney will know how to comply with the procedural details that make immigration proceedings so complicated." *Id.* at 901. We thus concluded that it was reasonable for the noncitizen to presume that counsel would properly advise him and timely file critical documents in his case. *Id.* at 900–01.

Applying *Iturribarria*, it was unreasonable to expect that Petitioners would have understood the BIA's decision and deciphered the thirty-day filing deadline to file a petition for review without the guidance of their retained counsel. After

all, "[t]he proliferation of immigration laws and regulations has aptly been called a labyrinth that only a lawyer could navigate." *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (quoting *Biwot v. Gonzales*, 403 F.3d 1094, 1098 (9th Cir. 2005)).  The need for counsel in immigration proceedings is generally obvious, but for Petitioners it was critically important as they do not speak English and do not have more than a high school education.  *Cf. Salazar-Gonzalez*, 798 F.3d at 922 ("[I]t is hardly rational to think that someone with a high school education would have the wherewithal to know that he should ignore and override his lawyer's advice.").  The BIA's dismissal of Petitioners' IAC claim on the sole basis that an additional courtesy copy of the BIA decision was mailed to Petitioners was therefore legally erroneous.

The agency's own regulations further support our decision.  The regulation governing notice requires the BIA to serve a copy of its decisions on counsel when an individual is represented. **¹** *See* 8 C.F.R. § 1292.5(a)); *id.* § 1003.1(f).  We affirmed as much in *Hamazaspyan v. Holder*, 590 F.3d 744, 749 (9th Cir. 2009), where we

---

[1] In relevant part, the regulation, 8 C.F.R. § 1003.1(f), requires the BIA to "serve a copy [of its decision] upon the [noncitizen] or the [noncitizen's] representative, *as provided in 8 CFR part 1292*," (emphasis added).  Part 1292 specifies that where a party is represented, service must be made on their representative of record: "Whenever a person is required by any of the provisions of this chapter to give or be given notice . . . such notice, . . . *shall* be given by or to, served by or upon . . . the attorney or representative of record, or the person himself if unrepresented."   8 C.F.R. § 1292.5(a) (emphasis added).   The regulations governing the obligations of the representative of record then refer back to Part 1292.5, clarifying that such individual "must . . . accept service of process of all documents filed in the proceedings, consistent with 8 CFR 1292.5."  8 C.F.R. § 1003.38(g)(1)(ii).

interpreted 8 C.F.R. § 1292.5 to mean that "serving a hearing notice on a [noncitizen], but not on the [noncitizen's] counsel of record, is insufficient."    The reasoning in *Hamazaspyan* applies with equal force to BIA decisions— those too must be served on counsel of record, not just their clients.    This interpretation of the controlling regulations reflects the reality that when a noncitizen retains an attorney, the attorney takes the legal reigns.    For these reasons, the BIA abused its discretion in denying the motion to reopen on this ground.

Because Lesmez's error in failing to notify Petitioners of the BIA's decision and the subsequent deadline to file a petition for review effectively "denied [Petitioners'] right to appeal altogether," the BIA should have applied a "presumption of prejudice" when adjudicating Petitioners' IAC claim.  *Salazar-Gonzalez*, 798 F.3d at 921; *see also Dearinger*, 232 F.3d at 1045 ("[W]here a[] [noncitizen] is prevented from filing an appeal in an immigration proceeding due to counsel's error, the error deprives the [noncitizen] of the appellate proceeding entirely. . . . This error 'mandates a presumption of prejudice because the adversary process itself has been rendered presumptively unreliable.'" (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000)).  We therefore remand to the BIA so that it may apply the presumption of prejudice and address the merits of Petitioners' IAC claim in the first instance.

## IV. Conclusion

We **GRANT** the petition and **REMAND** to the BIA for further proceedings consistent with this opinion.